IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD KEITH DEMBRY,

                              Petitioner,

        v.                                    CASE NO. 20-3158-SAC

WARDEN DON HUDSON,

                              Respondent.


MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner proceeds pro se and submitted the filing fee. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses the petition with prejudice for lack of jurisdiction and as a successive filing.

### Procedural history

Petitioner was convicted in 2007 in the United States District Court for the Southern District of Iowa of being a felon in possession of ammunition in violation of 18 U.S.C. §922(g)(1). He was sentenced to a term of 265 months imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Eighth Circuit Court of Appeals affirmed his sentence. *United States v. Dembry*, 535 F.3d 798 (8th Cir. 2008).

Following his appeal, petitioner unsuccessfully sought relief under 28 U.S.C. § 2255 and audita querela; he also has filed petitions for habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana and the Western District of Pennsylvania as well as two earlier petitions in this Court, *Dembry v. English*, No. 19-3162, 2019 WL 4601558 (D. Kan. Sep. 23, 2019), *aff'd*, *Dembry v. Hudson*, No. 19-3224,

2019 WL 6724427 (10ᵗʰ Cir. Dec. 11, 2019), and *Dembry v. Hudson*, No. 20-3043, 2020 WL 599539 (D. Kan. Feb. 7, 2020), *aff'd,* 799 Fed. App'x 643 (10ᵗʰ Cir. Mar. 24, 2020).

In the present action, petitioner challenges his detention under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). He seeks to proceed under the savings clause in 28 U.S.C. §2255(e).

### Analysis

Petitioner's claim under *Rehaif* appears to be essentially the same as the claim he presented to this court in his earlier petitions, namely, that the Government failed to prove beyond a reasonable doubt that petitioner knew of the status that prohibited him from legally possessing a firearm or ammunition.

As the Court explained in petitioner's earlier applications, a federal prisoner challenging his confinement may file a motion under 28 U.S.C. § 2255 to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). That motion remedy generally provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10ᵗʰ Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, a "savings clause" provision in § 2255 allows a federal prisoner to proceed in the district of confinement under § 2241 if the remedy under § 2255 is shown to be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

As stated, petitioner has sought relief under § 2255, but he now is unable to do so due to the one-year time bar applicable to that section. When a petitioner can show either "newly discovered evidence" or "a new rule of constitutional law", he may be permitted to file a second motion under § 2255(h). However, it is settled in the Tenth

Circuit that neither the one-year period nor the restrictions imposed by §2255(h) establish that the remedy under § 2255 is inadequate or ineffective. In *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), the Tenth Circuit noted that if the remedy under § 2255 could be held inadequate "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586. Instead, "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Id.* at 589.

Under Tenth Circuit precedent, the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective'", *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th  Cir. 2013)(unpublished), has been resolved in the negative. The *Prost* decision held that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion … then the petitioner may not resort to … § 2241." *Prost*, 636 F.3d at 584. Likewise, under Tenth Circuit precedent, the fact that the Supreme Court decision upon which a petitioner relies had not yet been decided at the time he filed a motion under § 2255 does not render the remedy "inadequate or ineffective." *See, e.g., Sandlain v. English*, 2017 WL 4479370, at *3 (10th Cir. 2017)("Nor does it matter that *Mathis* was not in existence at the time he filed his initial § 2255 motion") and *Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. Jun. 5, 2018)(unpublished)(stating that while

anticipating *Mathis* and arguing it in light of contrary circuit precedent would present an "uphill battle", petitioner "at least had the *opportunity* to take this path.").

Because petitioner cannot establish that the remedy under § 2255 is inadequate or ineffective, he may not proceed under the savings clause of § 2255(e). The Court therefore lacks statutory jurisdiction in this matter and must dismiss the petition.

In addition, this matter is subject to dismissal as a repetitive filing. "A petitioner who previously filed a § 2241 petition in federal court may not file a successive habeas petition on the same issue(s), except as provided by 28 U.S.C. § 2255, if that court made a determination as to whether a writ should issue." *See Crawford v. Callahan,* No. 06-6181, 2006 WL 2981303 (10th Cir. Oct.19, 2006) (unpublished decision) (citing 28 U.S.C. § 2244(a) and *George v. Perrill,* 62 F.3d 333, 334 (10th Cir.1995)).

As stated, petitioner twice previously sought relief in this Court under § 2241, citing *Rehaif*. See *Dembry v. English*, Case No. 19-3162, Doc. 1, p. 1 ("Petitioner claims actual innocence based on a new decision narrowing the felon-in-possession statute, citing *Rehaif v. United States….*") and *Dembry v. Hudson*, Case No. 20-3043, Doc. 1, p. 1 (seeking relief "[i]n light of the United States Supreme Court's recent decision *Rehaif v. United States*"). Those petitions were dismissed without prejudice because petitioner had not shown that the remedy under § 2255 was inadequate or ineffective, as required by the savings clause, and the decisions were affirmed on appeal.

In the current petition, petitioner presents essentially the same claim. *See* Doc. 1, p. 1 ("Dembry seeks to challenge his detention for his conviction of felon in possession of ammunition in light of

the Supreme Court's decision in *Rehaif v. United States*…."). The petition is plainly a successive application for relief, and in similar circumstances, the Tenth Circuit has held that dismissal with prejudice is appropriate. *See Burman v. Scibana*, 277 Fed. App'x 772, 2008 WL 1986250 (10th Cir. May 7, 2008)(reversing dismissal without prejudice of successive § 2241 petition and remanding for dismissal with prejudice). Accordingly, the Court will dismiss this matter with prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed with prejudice as a successive application.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is denied as moot due to his payment of the filing fee.

**IT IS SO ORDERED.**

DATED:  This 19th day of June, 2020, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. District Judge